UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              No. 3:16-CR-30011-011

EDWARD HUGH WADE, JR.                                                       DEFENDANT

## OPINION AND ORDER

Defendant Wade has filed a motion (Doc. 255) to clarify his sentence. The Government has not filed a response, but no response is necessary.

Mr. Wade was indicted by a federal grand jury on October 5, 2016. (Doc. 1). At that time he was in custody of the State of Arkansas. Mr. Wade had been sentenced to concurrent terms of imprisonment in April 2012 for several charges stemming from distribution of methamphetamine. (Doc. 185, p. 14, ¶¶ 72–74). He was paroled on May 12, 2014, but his parole was revoked on July 25, 2016. *Id.* The revocation appears to stem from an arrest of Mr. Wade, whether for the instant offense or for charges of conspiracy to commit aggravated robbery and theft of property. (Doc. 185, p. 17, ¶ 89a). Although the robbery and theft charges were dropped, it appears Mr. Wade's parole was revoked and he thereafter continued to be imprisoned by the State of Arkansas for his 2012 conviction.

Because Mr. Wade was in State custody, a writ of habeas corpus ad prosequendum (Doc. 11) issued on October 18, 2016 directing the Sheriff of Boone County, Arkansas and the Warden of the Arkansas Department of Correction to bring Mr. Wade before this Court. Mr. Wade's motion to clarify represents that he was held in Washington County Detention Center following issuance of that writ and during the pendency of his federal proceedings, that following imposition of his federal sentence he was returned to Boone County and transferred to Pine Bluff,

and that it was not until May 2018 that he was released to the United States Marshal and transferred to a Federal Corrections Institute. Mr. Wade believes that the time he served in custody following his federal indictment should count when the BOP calculates the time left on his federal sentence.

It appears to the Court that while Mr. Wade was appearing on writ, he was essentially "on loan" to the United States, but remained under the primary jurisdiction of the State of Arkansas. *United States v. Hayes*, 535 F.3d 907, 909–10 (8th Cir. 2008); *United States v. Cole*, 416 F.3d 894, 896–97 (8th Cir. 2005). Although he had been taken into federal custody, this time appears to have been spent serving out his State sentence following revocation of his parole. When this Court imposed sentence upon Mr. Wade on November 3, 2017 for his federal counts of conviction, as a default the federal sentence was to run consecutively to any previously-imposed sentence of imprisonment. 18 U.S.C. § 3584(a). Mr. Wade appears to still have been serving out his post-revocation State sentence. Therefore, the time spent in custody in Washington County, and any time spent in State custody after imposition of sentence by this Court, that was credited to Mr. Wade's State sentence could not be credited to his federal sentence.

The Bureau of Prison's decision not to credit Defendant's federal sentence with the time he identifies appears to be proper under 18 U.S.C. § 3585(b).

IT IS THEREFORE ORDRED that Defendant's motion (Doc. 255) is GRANTED and his sentence is clarified as set forth above.

IT IS SO ORDERED this 22nd day of August, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE